UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

Submitted December 13, 2005
Decided January 19, 2006

Before

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

**Hon.** DANIEL A. MANION, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

AMOS WILSON,
    *Petitioner-Appellant*,

**No.** 05-2724        **v.**

CECIL DAVIS, Superintendent, Indiana
State Prison,
    *Respondent-Appellee*.

Appeal from the United
States District Court
for the Northern
District of Indiana,
South Bend Division.

No. 02 C 845
Allen Sharp, *Judge*.

**Order**

Our original decision in this case remanded for consideration of a single question: Whether the two potential witnesses who Wilson had identified as "John Doe" existed and, if so, could be identified. *Wilson v. Davis*, No. 03-1431 (7th Cir. Mar. 2, 2004) (unpublished order).

On remand the district judge recruited counsel for Wilson, and the parties engaged in discovery. The district judge concluded, after reviewing the depositions and other evidentiary materials, that Wilson had failed to establish the existence of any "John Doe." It necessarily followed that the prison disciplinary board had not violated the Constitution when it

refused Wilson's request to produce "John Doe" as a witness at the hearing.

Wilson's appellate brief (filed *pro se*) blames his lawyer for this outcome; he contends that he received ineffective assistance. But there is no right to counsel when seeking writs of habeas corpus, and there is accordingly no ineffective-assistance doctrine on collateral review. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Demonizing one's lawyer is not a route to another hearing.

The rest of Wilson's brief is devoted to a constitutional argument that supposes the existence of the "John Doe" witnesses. As the district judge found that these are figments of Wilson's imagination, the argument is unavailing. The district court's findings are not clearly erroneous. No more need be said.

Affirmed